UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARINA KIBARDINA, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) |
| | ) |
| | ) |
| CITY COLLEGES OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, MARINA KIBARDINA ("Kibardina"), by and through her attorneys, Barry A. Gomberg of Barry A Gomberg & Associates, Ltd., and complaining against the Defendant, CITY COLLEGES OF CHICAGO ("CCC"), alleges as follows:

## PARTIES

1. Kibardina is a Caucasian and Russian born resident of the State of Illinois residing in Cook County in Chicago, Illinois 60654.

2. Defendant is a community college located in the State of Illinois, County of Cook, at 226 West Jackson Blvd., Chicago, Illinois 60606.

## JURISDICTION AND VENUE

3. The claims against Defendant are for race (Caucasian, white) and national origin (Russia) discrimination pursuant to 42 U.S.C. § 1981.

4. Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. § 1343 as this claim arises under the laws of the United States of America.

1

5. Venue is appropriate in the Northern District of Illinois, Eastern Division by virtue of 28 U.S.C. § 1391 as Kibardina's residence, the Defendant's business, and the events or omissions giving rise to this claim are located in the counties served by the Northern District of Illinois, Eastern Division.

## COUNT I - 
## 42 USC §1981 - RACE

6. Kibardina re-alleges and incorporates as if fully set forth herein paragraphs 1 – 5 above.

7. Plaintiff (Caucasian), at all times pertinent hereto, was a person protected by the provisions of 42 U.S.C. § 1981.

8. Kibardina was hired as District Director of Adult Education by Defendant on or about January 2009.

9. On or about January 15, 2012, Kibardina was appointed to the position of Interim Associate Vice-Chancellor for Adult Education by Kojo Quarty (non-Caucasian, African American), Defendant's Provost.

10. Although she had been successfully performing the duties of Interim Associate Vice-Chancellor for Adult Education for approximately eight (8) months, on or about August 1, 2012 Defendant's Vice-Chancellor for Strategy, Research and Organizational Effectiveness, Alvin Bisarya (non-Caucasian, Asian-India), informed Kibardina that she would not be promoted to the position of Associate Vice-Chancellor for Adult Education.

11 Defendant selected Sameer Gadkaree (non-Caucasian, Asian-India) who is less qualified than Plaintiff to serve as Defendant's Associate Vice Chancellor.

12. Defendant treated Kibardina less favorably than non-Caucasian employees in that Kibardina was not permitted to retain her position of Director with Defendant. Rather than permit Kibardina to return to her position of District Director of Adult Education on a permanent basis, Defendant terminated Kibardina effective October 1, 2012 because of her race.

13. At all times, Plaintiff met the legitimate expectations of her employer.

14. As a result of the Defendant CCC's race based discriminatory conduct, as aforesaid, Kibardina has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff MARINA KIBARDINA prays for judgment against Defendant CITY COLLEGES OF CHICAGO as follows:

A. For damages in an amount equal to Kibardina's back pay from October 1, 2012 through the present;

B. For an award of compensatory damages for Kibardina's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. For reinstatement to the Associate Vice Chancellor for Adult Education position at Defendant or front pay if the Court deems reinstatement inappropriate;

D. For attorney's fees and costs of this suit; and

E. For such other and further relief as is just and equitable.

## COUNT II - 
## 42 USC §1981 – NATIONAL ORIGIN

15. Kibardina re-alleges and incorporates as if fully set forth herein paragraphs 1 – 5 above, and paragraphs 6-14 of Count I and brings this Count against Defendant City Colleges of Chicago.

16. Plaintiff, a female of Russian national origin, at all times pertinent hereto, was a person protected by the provisions of 42 U.S.C. § 1981.

17. Kibardina was hired as District Director of Adult Education by Defendant on or about January 2009.

18. On or about January 15, 2012, Kibardina was appointed to the position of Interim Associate Vice-Chancellor for Adult Education by Kojo Quarty (non-Russian), Defendant's Provost.

19. Although she had been successfully performing the duties of Interim Associate Vice-Chancellor for Adult Education for approximately eight (8) months, on or about August 1, 2012 Defendant's Vice-Chancellor for Strategy, Research and Organizational Effectiveness, Alvin Bisarya (Asian-India), informed Kibardina that she would not be promoted to the position of Associate Vice-Chancellor for Adult Education.

20 Defendant selected Sameer Gadkaree (Asian-India) who is less qualified than Plaintiff to serve as Defendant's Associate Vice Chancellor.

21. Defendant treated Kibardina less favorably than non-Russian employees in that Kibardina was not permitted to retain her position of Director with Defendant. Rather, than permit Kibardina to return to her position of District Director of Adult Education on a permanent basis, Defendant terminated Kibardina effective October 1, 2012 because of her national origin.

4

22. At all times, Plaintiff met the legitimate expectations of her employer.

23. As a result of the Defendant CCC's national origin based discriminatory conduct, as aforesaid, Kibardina has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff MARINA KIBARDINA prays for judgment against Defendant CITY COLLEGES OF CHICAGO as follows:

A. For damages in an amount equal to Kibardina's back pay from October 1, 2012 through the present;

B. For an award of compensatory damages for Kibardina's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. For reinstatement to the Associate Vice Chancellor for Adult Education position at Defendant, or front pay if the Court deems reinstatement inappropriate;

D. For attorney's fees and costs of this suit; and

E. For such other and further relief as is just and equitable.

## COUNT III - 
## 42 USC §1981 – RETALIATION

24. Kibardina re-alleges and incorporates as if fully set forth herein paragraphs 1 – 5 above, paragraphs 6-14 of Count I and paragraphs 15-23 of Count II, and brings this Count against Defendant City Colleges of Chicago.

25. Kibardina was hired as District Director of Adult Education by Defendant on or about January 2009.

26. On or about December 6, 2011, Kibardina engaged in protected activity when she complained to Patricia Rios, Defendant's Vice-Chancellor for Human Rsources and Staff Development, about discriminatory practices at Defendant's workplace such as her former supervisor, Lizzette Richardson, falsely reporting Kibardina to human resources for unsubstantiated claims, cutting Kibardina's lunch breaks beyond allowable time limits, and creating a hostile work environment for Kibardina based upon, *inter alia*, her race, and national origin.

27. On or about January 15, 2012, Kibardina was appointed to the position of Interim Associate Vice-Chancellor for Adult Education by Kojo Quarty (non-Caucasian, non-Russian), Defendant's Provost.

28. Although she had been successfully performing the duties of Interim Associate Vice-Chancellor for Adult Education for approximately eight (8) months, on or about August 1, 2012 Defendant's Vice-Chancellor for Strategy, Research and Organizational Effectiveness, Alvin Bisarya (non-Caucasian, Asian-India), informed Kibardina that she would not be promoted to the position of Associate Vice-Chancellor for Adult Education.

29. Defendant selected Sameer Gadkaree (non-Caucasian, Asian-India) who is less qualified than Plaintiff to serve as Defendant's Interim Associate Vice Chancellor.

30. Defendant treated Kibardina less favorably than non-Caucasian, non-Russian employees in that Kibardina was not permitted to retain her position of Director with Defendant. Rather, than permit Kibardina to return to her position of District Director of Adult Education on a permanent basis, Defendant terminated Kibardina effective October 1, 2012 because of her race and national origin.

6

31. At all times, Plaintiff met the legitimate expectations of her employer.

32. On September 13, 2012, Kibardina engaged in further protected activity when she filed a Charge of Discrimination (IDHR#2013CA0644) with the Illinois Department of Human Rights alleging that Defendant discriminated against her on the basis of, *inter alia*, her race and national origin and in retaliation for complaining to Defendant about discriminatory practices concerning promotions at Defendant. See Exhibit A attached hereto.

33. On October 1, 2012, seventeen days after filing her first Charge of Discrimination, Kibardina met with her new supervisor Sameer Gadkaree and Human Resources representative Connie Christopoulos who handed her a letter from Eugene Nichols, Associate Vice Chancellor of Human Resources and Staff Development that the Board of Trustees had accepted the recommendation to terminate Kibardina's employment. No reason was provided to Kibardina for the reason for her termination at that time. Gadkaree and Christopoulos gave Kibardina one hour to pack up her belongings and leave the premises.

WHEREFORE, Plaintiff MARINA KIBARDINA prays for judgment against Defendant CITY COLLEGES OF CHICAGO as follows:

A. For damages in an amount equal to Kibardina's back pay from October 1, 2012 through the present;

B. For an award of compensatory damages for Kibardina's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

  C. For reinstatement to the Associate Vice Chancellor for Adult Education position at Defendant, or front pay if the Court deems reinstatement inappropriate;

  D. For attorney's fees and costs of this suit; and

  E. For such other and further relief as is just and equitable.

         Respectfully submitted,

         MARINA KIBARDINA


       By: <u>s/ Barry A. Gomberg</u>
         Attorney for Plaintiff

Barry A. Gomberg
Barry A. Gomberg & Associates, Ltd.
53 W. Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550