# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARINA KIBARDINA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 1351 |
| | ) | |
| v. | ) | Judge Jorge Alonso |
| | ) | |
| BOARD OF TRUSTEES OF | ) | |
| COMMUNITY COLLEGE DISTRICT, | ) | |
| 508, commonly known as CITY | ) | |
| COLLEGES OF CHICAGO, and | ) | |
| ALVIN BISARYA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendants pursuant to 42 U.S.C. § 1983 for their alleged violation of her equal protection rights by discriminating against her on the basis of her race and national origin. The case is before the Court on defendant Bisarya's Federal Rule of Civil Procedure ("Rule") 12(b)(5) motion to dismiss for improper service.[1] For the reasons set forth below, the Court grants the motion.

## Facts

In January 2009, the Board hired plaintiff, who is white and was born in Russia, as District Director of Adult Education. (1st Am. Compl. ¶¶ 1, 30.) On January 15, 2012, the Provost of City Colleges, who is African American, appointed Kibardina to the position of Interim Associate Vice-Chancellor for Adult Education. (*Id.* ¶ 31.) For the next seven months, plaintiff successfully performed the job, but defendant Bisarya, who is Asian and the Vice-Chancellor for Strategy, Research

---

[1] Bisarya also argues that plaintiff's claim fails on the merits. But, because the service issue is dispositive, the Court need not address the merits arguments.

and Organizational Effectiveness, reported that she had not.[2] (*Id.* ¶¶ 32-33.) As a result of Bisarya's false statements, Sameer Gadkaree, who is less qualified than plaintiff, was selected for the Associate Vice-Chancellor position. (*Id.* ¶ 34.)

After passing plaintiff over for the Vice-Chancellor job, the Board refused to let plaintiff return to her previous job as Director of Adult Education. (*Id.* ¶ 35) On October 1, 2012, the Board terminated her employment. (*Id.*)

## **Discussion**

Rule 4 requires that a defendant be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). If service is not timely made, "the court . . . must dismiss the action without prejudice against that defendant[,] . . . order that service be made within a specified time," or "if the plaintiff shows good cause for the failure, . . . extend the time for service for an appropriate period." *Id.* "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). Though there is no "precise test for good cause . . . . [,] a plaintiff's attempts at service need be '[a]t the very least . . . accompanied by some showing of reasonable diligence' before good cause must be found." *Bachenski v. Malnati*, 11 F.3d 1371, 1376-77 (7th Cir. 1993) (quoting *Tso v. Delaney*, 969 F.2d 373, 377 (7th Cir. 1992)). "[T]he decision of whether to dismiss or extend the period for service is inherently discretionary," and "[the court of appeals] will review the district court's judgment only for abuse of that discretion." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011).

---

[2]Plaintiff does not allege to whom Bisarya made this report.

Plaintiff named Bisarya as a defendant in the first amended complaint, which was filed on May 2, 2014, but did not seek an extension of time to serve him until February 19, 2015, more than nine months later, and did not actually serve him until March 3, 2015. Moreover, as the return of service shows, Bisarya lives in Skokie, Illinois. The "good cause" plaintiff cites for the nearly ten-month delay in serving an individual who lives in suburban Chicago is as follows:

> Plaintiff's counsel attempted on numerous occasions to ascertain whether Defendant's counsel would accept service on behalf of Mr. Bisarya. . . . In . . . correspondence, Defendant's counsel admitted to representing Mr. Bisarya. However, counsel would not provide a definitive statement regarding accepting service. The Parties then got involved in briefing Defendant's Motion to Dismiss the Plaintiff's First Amended Complaint (the arguments concerning which involved the actions and statement of Alvin Bisarya) and, while awaiting a decision by the Court, Mr. Bisarya was not served.

(Pl.'s Resp. Def.'s Mot. Dismiss at 2-3.) However, the correspondence shows that plaintiff's counsel asked defense counsel in May 2014 whether they would accept service for Bisarya, but did not follow up on that inquiry until February 2015. (*See id.*, Grp. Ex. A.) Moreover, plaintiff does not explain why briefing and "awaiting a decision" on a motion to dismiss filed by another defendant prevented her from serving Bisarya. In short, plaintiff has not shown that she diligently attempted to serve Bisarya or has good cause for failing to do so in a timely manner. Accordingly, the Court dismisses her claim against him.

## **Conclusion**

For the reasons set forth above, the Court grants defendant Bisarya's motion to dismiss [54]. Moreover, because that was the only remaining claim, the Court terminates this case.

**SO ORDERED.**                                    **ENTERED: May 29, 2015**

                                                                    _____
                                                                    **HON. JORGE L. ALONSO**
                                                                    **United States District Judge**